**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRIL HEDRICK; et al., | No. 14-15866 |
| Plaintiffs - Appellees, | D.C. No. 2:76-cv-00162-GEB-EFB |
| v. | |
| JAMES GRANT, as Sheriff of Yuba County; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted April 11, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Defendants moved under the Prison Litigation Reform Act ("PLRA"), 18

U.S.C. § 3626(b), to terminate a consent decree concerning the conditions of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

confinement at the Yuba County jail. The district court held that Defendants did not meet their burden and denied the motion. We affirm.

**1.** The purpose of the PLRA is "to expedite prison litigation and place control over prisons back into the hands of state and local officials." *Plata v. Brown*, 754 F.3d 1070, 1073 (9th Cir. 2014). Nevertheless, "[w]hen a party moves to terminate prospective relief under § 3626(b), the burden is on the movant to demonstrate that there are no ongoing constitutional violations, that the relief ordered exceeds what is necessary to correct an ongoing constitutional violation, or both." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam) (citing *Gilmore v. California*, 220 F.3d 987, 1007-08 (9th Cir.2000).[1] Defendants did not meet this burden. Instead, they simply urged that they were entitled to termination as a matter of law, and presented almost no evidence about ongoing violations[2] or that the Decree was overly broad.

---

[1] Defendants cite *Mayweathers v. Newland* to suggest that Plaintiffs have the burden under § 3626(b). *See* 258 F.3d 930, 936 (9th Cir. 2001). *Mayweathers*, however, involved the automatic expiration of a preliminary injunction under § 3626(a)(2) and its discussion of § 3626(b) may be properly read simply as stating that the PLRA forces courts to frequently revisit prospective relief to ensure that it is no broader than necessary. We are bound by *Graves'* and *Gilmore*'s direct holding.

[2] Defendants cited the judicially noticeable fact that there had been no docket activity in the case over a long period, but this is not sufficient in itself to show that there are no ongoing constitutional violations.

We reject Defendants' arguments that they were nonetheless entitled to termination under § 3626(b)(1) and (b)(2). Although Defendants are correct that (b)(1) allowed them to move for termination because enough time had passed, they are wrong that termination should have followed automatically. Rather Defendants still were required to meet the burden described above. *See Plata*, 754 F.3d at 1076-77; *Gilmore*, 220 F.3d at 1007-08.

Subsection (b)(2) provides for immediate termination of relief which "was approved or granted in the absence of a finding by the court that the relief is narrowly [tailored]" to correct the violation of a federal right. Defendants argue that the Decree is flawed because the court neither found any constitutional violation, nor stated that the remedy was narrowly tailored. This is incorrect. First, at a minimum, the Decree incorporates the court's earlier constitutional findings by citing the decision which concluded that Defendants had violated Plaintiffs' Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Second, although the Decree lacks an explicit finding that the remedy is narrowly tailored, such a statement is not required under (b)(2). *See Gilmore*, 220 F.3d at 1007 n.25. Instead, Defendants must show that "the remedy exceeded the constitutional

minimum according to the record and the relevant caselaw." *Id.* at 1008.

Defendants did not do so.[3] The court did not err by not terminating the decree.

**2.** Defendants also argue that the district court erred procedurally either by failing to make required findings, or by not holding an evidentiary hearing. We need not determine whether, in the absence of Defendants meeting their burden under subsections (b)(1) and (b)(2), subsection (b)(3) requires the court to make written findings that the Decree is necessary to correct ongoing violations of federal rights and is narrowly tailored. The court's finding that Defendants did not meet any part of their burden is equivalent to stating that, as a matter of law, the Decree is necessary and narrowly tailored.

Regarding an evidentiary hearing, the district court instructed that "if a party opines that an evidentiary hearing should be ordered, that party [should] state that in the [joint statement] with the type of factual showing that would justify a focused evidentiary hearing." The Defendants did not request such a hearing,

---

[3] Defendants also argue that termination is appropriate under general equitable principles, citing Rule 60(b) cases. We note that Defendants did not move under Rule 60(b). Even if they had, they did not meet their burden to put forward evidence that "compliance with the decree [had become] substantially more onerous" or the "decree [had] prove[n] to be unworkable because of unforeseen obstacles." *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992). The age of the decree and absence of court action in the case are certainly relevant, but are not enough, particularly in light of Plaintiffs' evidence of violations of the decree.

reiterating their argument that they were entitled to termination as a matter of law, and presented no factual showing at all.  Having ignored the court's instructions, Defendants cannot show it was an abuse of discretion to fail to hold an evidentiary hearing.

**AFFIRMED**